Hicks *v.* Whiteside.

---

## HICKS *v.* WHITESIDE.

A DECLARATION of location, under the Possessory Act of this State, described the tract of land as being in Township 21; and also gave the names of the land-claims adjoining it on its different sides. The tract was in Township 22 : *held*, that this mistake did not vitiate the declaration, and that it was admissible in evidence.

A., a witness for plaintiff, when cross-examined, was asked questions by defendant, which, on plaintiff's objection, were erroneously ruled out by the Court. Defendant afterwards called the same witness, and asked the same questions, which were answered without objection : *held*, that the judgment would not be reversed by reason of the error committed by the Court, as defendant had suffered no injury thereby.

In an action to recover possesion of a tract of land, claimed by plaintiff under the

Hicks *v.* Whiteside.

Possessory Act of this State, evidence tending to show, that at the time plaintiff filed his declaration, he knew that the land in controversy or any portion of it was claimed by defendant, is relevant.

The two hundred dollars of improvements, pertaining to the realty, required by the fourth section of the Possessory Act, must be made on the land claimed, before an action can be commenced to recover possession of the same.

APPEAL from the District Court, Fifteenth Judicial District, Butte County.

The land in dispute in this action, was the north half of the south-east quarter section eight, containing eighty acres. Plaintiff, in his declaration of location, claimed the whole of the south-east quarter. Defendant had resided on the north-east quarter of the same section for several years prior to the making and recording of plaintiff's declaration; and an inclosed field of defendant's extended on, to, and included, about fifteen acres of the said north half. Plaintiff recovered judgment in the Court below, and the defendant appealed. The other facts are stated in the opinion of the Court.

*J. E. W. Lewis*, for Appellant.

The Court erred in permitting plaintiff to introduce the declaration of location. The declaration describes the land as being in Township 21, while the land in action is in Township 22. Certainly, that is a variance that is material and decisive on the case. A declaration under the act, when the provisions of the law have been complied with, is the title paper of the claimant, as much so as a patent or deed; and a person might with as much propriety recover land described in them as being in one township, when the land in action is in a different township. The Court ought to have given the first instruction asked by defendant. Plaintiff, in his pleadings, predicated his bill upon the Possessory Act. When a person pleads a particular title, he must prove it as laid. (*Egan* v. *DeLong*, 16 Cal. 87.) To recover, under the Possessory Act, he must show a full, complete compliance with the provisions of the act—particularly, Secs. 2, 3, and 4—before suit was commenced. (*Whiting* v. *Whitesides*, 15 Cal. 47.)

*H. O. & W. H. Beatty*, for Respondent.

The description was perfect without the township. We could reject that as a call repugnant to and inconsistent with the other calls; and rely upon the other portions of the description. That you may reject one repugnant call of a deed, when the others furnish a perfect description of the land, is beyond question, both on principles of reason and authority. (1 A. K. Marshall, 17; *Ferris* v. *Coover*, 10 Cal. 589.) The instruction asked by defendant, was improper for this reason: plaintiff filed his claim December 17th, 1860, and filed his complaint February 20th, 1861. Suppose plaintiff was living on the place the twentieth of February, and putting up improvements at that time; but that they were not far enough advanced to amount to two hundred dollars: He brings suit on that day, and goes on with his improvements. Before the seventeenth day of March—when the ninety days would expire— he has over two hundred dollars of improvements. Now, on the trial, he proves that he complied with all the requirements of the statute, within the time prescribed. Could the trespasser say: "You sued too soon; you should have allowed me to trespass a month longer before you sued?" This point is fully settled in the case of *Barnes* v. *Stark* (4 Cal. 412).

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of a tract of land in Butte County. The tract really in controversy is the north half of the south-east quarter of Section 8, in Township 22 north, of Range 1 east. The plaintiff claimed under the Possessory Act of this State. He offered in evidence his declaration of location, filed in the Recorder's office; and the defendant objected to its introduction on the ground that it described the tract as being in "Township 21," instead of Township 22, and contends that the Court erred in overruling the objection. The premises are particularly described by the surrounding claims, which clearly show that the tract lay in Township 22, and that the figures 21 were inserted by mistake, instead of 22. The Court therefore properly overruled the objection.

It seems that Herring, the County-Surveyor, testified as a witness for the plaintiff, that he made the survey of the tract of land described

Hicks *v.* Whiteside.

in the plaintiff's declaration; that he wrote the declaration; and that the tract embraced one hundred and sixty acres. On cross-examination, the defendant asked him when this survey was made, and whether he made the survey prior to or at the time he wrote the certificate; to which the plaintiff objected, that the questions were not proper on cross-examination. The Court sustained the objection; and this is also assigned for error. The questions were clearly proper ones on cross-examination; but it is evident that the defendant was not injured by this ruling of the Court. The objection only went to the putting of the questions at that particular *time;* and did not preclude him from putting the same questions, upon making him a witness for himself, had he so desired. If, when the defendant recalled the witness as his own, the Court had then overruled the questions, he might perhaps have claimed that he had been injured thereby; but it seems that he then asked the' question without objection. The questions do not seem to have been of so important or material a character as to justify us in reversing the judgment because they were excluded at that particular stage of the trial.

It appears that the defendant had been in the possession, prior to the filing of the possessory claim by the plaintiff, of an old field, a part of which, including about fifteen acres, lay upon the north side of the eighty-acre tract in controversy. It seems that the remainder of the eighty acres was inclosed by a fence in the spring of 1860, built by the defendant and other parties. One of these persons, Garner, was called as a witness, and the defendant asked him what he knew or understood about the fences thus built including any part of the Whitesides tract, and whether it included any portion of the tract upon which Whitesides resided. The possessory claim filed by the plaintiff, bounded the tract on the north by the " Whitesides claim," as well as described it as the south-east quarter of Sec. 8. The Court, on the ground of irrelevancy, excluded these questions, and also a question put to another witness respecting the knowledge of the plaintiff, that the defendant claimed the tract in controversy at the time of a certain conversation between the parties respecting the building of fences. We think all of these questions were relevant to the matters in controversy between

the parties, and that the Court erred in excluding them. They tend to show the knowledge of the parties of the location of the lines of their respective claims, which was important, taken in connection with other evidence respecting the building of fences on their claims by these parties and their neighbors.

The defendant asked the Court to give the jury the following instruction, which was refused: " If the jury do not find that there was two hundred dollars worth of improvements on the land claimed by plaintiff at the time of the pretended location, or prior to the institution of this suit, pertaining to the realty, the plaintiff cannot claim under the act; in this event, unless plaintiff had an actual possession thereof prior to defendant, they will find for the defendant." This is also assigned for error. The plaintiff's declaration was filed in the Recorder's office December 17th, 1860, and this action was commenced February 20th, 1861. The fourth section of the Possessory Act requires that, unless improvements to the value of two hundred dollars shall have been made prior to the recording, they must be put on within ninety days after the date of the record. Sec. 2 of the same act provides that " no person shall be entitled to maintain any such action for possession of or injury to any claim unless he or she occupy the same, and shall have complied with the provisions of the third and fourth sections of this act." The instruction is based upon the principle that these improvements must be made *before* the action is commenced—while the respondent contends that he had a right to show that they were put on or completed *after* that time, if done within the ninety days. We think the respondent is mistaken in his construction of the statute. The general rule is well settled, that the plaintiff must show a right to maintain the action at the commencement of the suit. He cannot commence his action while his right or title is imperfect or inchoate, and trust to completing or perfecting it before the trial takes place. The right of action in this case is founded upon the statute, and that imperatively requires that he " shall have complied " with this provision of section four before he shall be entitled to maintain the action. (*Wright* v. *Whitesides*, 15 Cal. 47 ; *Sweetland* v. *Froe*, 6 Id. 147.)

The judgment is reversed, and the cause remanded for a new trial.