## J. W. HICKS *v.* J. B. WHITESIDES.

Possessory Claim upon the Public Land—Sufficiency of Notice of.—Where, in an action by H. against W., to recover possession of a quarter section of land, being part of the public domain, H. made claim under the Possessory Act of this State, and his statutory notice whereby the claim was made, in addition to certain specified metes and bounds, described the lands as the southeast quarter of Section Eight, Township Twenty-one north, of Range One east, etc., while, in fact, the demanded premises were in Township Twenty-two, instead of said Township Twenty-one: *Held,* that so much of said description as attempted to identify the land by reference to the Government survey, must be disregarded, because of the error in the number of the township.

Idem.—Where, in such cases, by the other descriptive calls of H.'s said notice, by which alone his claim was designated and identified, his claim was bounded on the north by the land claims of W., which was shown to embrace the northern portion of the demanded premises, and on which for several years prior to H.'s claim W. had been settled, and had a part inclosed with fences: *Held,* that H.'s claim included no part of W.'s claim because bounded by it.

Appeal from the District Court, Second Judicial District, Butte County.

The plaintiff had judgment in the Court below, and the defendant appealed therefrom, and from an order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

*J. E. N. Lewis,* for Appellant.

*S. Rosenbaum,* for Respondent.

By the Court, Crockett, J.:

This cause has twice been before this Court, (18 Cal. 700; 23 Cal. 404,) and is an action to recover the possession of a tract of land in Butte County, which is described in the complaint as the southeast quarter of Section Eight, Township Twenty-one north, of Range One east, of Mount Diablo meridian. It is also described by metes and bounds, and as one of its boundaries it is alleged to be bounded on the north by "Whiteside's claim." The only contest, as we under-

stand the pleadings and proof, is in respect to the north half of the quarter section described in the complaint; and it appears from the subsequent pleadings that the land, in fact, is in Township Twenty-two, and not in Twenty-one, as alleged in the complaint.

The land is a part of the public domain, and it appears that the defendant settled upon the north half of the quarter section in contest in 1856, and inclosed a field containing about thirty-five acres, and has continued to occupy it ever since. The plaintiff claims under what is known as the Possessory Act of this State, and on the trial put in evidence the notice of his claim, which the statute requires to be filed in the office of the County Recorder, and to be verified by his affidavit.

The notice describes the land as "situated adjoining the northerly line of the Arroyo Chico Rancho, on the west side of and near the Oroville and Shasta road, in Butte County, California, and bounded on the east and south by the said Arroyo Chico Rancho, on the west by what is known as Frank Cannon's claim, and on the north by Whiteside's claim, and being the southeast quarter of Section Number Eight, in Township Number Twenty-one north, Range Number One east, Mount Diablo base and meridian, containing one hundred and sixty acres, more or less."

The affidavit annexed to the notice states that "the foregoing lines do not embrace more than one hundred and sixty acres of land; that he has taken up no other land under the Possessory Act of this State, passed April 20th, 1852, and that to the best of his knowledge and belief said land is not claimed under any existing title." The affidavit was sworn to December 17th, 1860, and was filed for record December 19th, 1860. It does not state that the deponent was a citizen of the United States, nor that the boundaries of his claim had been distinctly marked. So much of the description as attempts to identify the land by reference to the Government survey must be disregarded, because of the error

20

in the number of the township.  The object of the statute
in requiring the notice is that the public may be informed
accurately, or at least with reasonable certainty, what land
is claimed.  A notice that a quarter section in Township
Twenty-one is claimed is no notice to the public that the
party really intends to claim a quarter section in Township
Twenty-two.  There remain, then, only the other calls in
the notice by which to identify the land claimed.  These are,
that it is bounded on the east and south by the Arroyo Chico
Rancho; on the west by what is known as Frank Cannon's
claim, and on the north by Whiteside's claim.  We cannot
say that this description is not *prima facie* sufficient to iden-
tify the land with reasonable certainty, so far as it is required
to be described in the notice.  But the statute requires in
addition to a reasonably certain description in the notice,
that the lines shall be distinctly marked upon the ground
" so that the boundaries may be readily traced, and the
extent of such claim easily known."

As we understand the proofs in this case, the defendant
was actually in the possession of a large portion of the north
half of the quarter, with an inclosed field, at the time the
plaintiff filed his notice, and had been so in possession for
several years.  There was no contrariety in the proofs on
this point.  The plaintiff's claim is bounded on the north by
" Whiteside's claim," and we are at a loss to comprehend
on what theory it can possibly be made to include White-
side's claim or any part of it.  It needs no argument to
show that when one claim is bounded by another, there can
be no conflict of boundaries between them; and the only
fact to be ascertained is the true location of the boundaries
of the first claim.  (*Mezes* v. *Greer*, 24 How. 268.)

The Court below, whilst not denying this proposition, in
its charge to the jury assumed that the description in the
notice, by reference to the Government survey, was more
certain and definite than the description which referred to
the adjoining claims, and therefore must control in identify-
ing the land.  But, as we have seen, the description by

reference to the Government survey should have been entirely disregarded, because of the error in the number of the township; leaving the sufficiency of the description to be tested wholly by the other descriptive calls in the notice. On applying this test, it appears that the plaintiff's claim is bounded on the north by the defendant's claim, and consequently could not include any part of it. But the jury, in its verdict, finds that the plaintiff is entitled to the possession of the whole quarter section, including the field occupied by the defendant. There was no evidence in the cause to support this verdict, and the Court should have set it aside and granted a new trial.

For the guidance of the Court below, on another trial of this action, we may remark that as the case is now presented in the record, the plaintiff is not entitled to recover any land lying north of what was the southern boundary line of Whiteside's claim at the time when the plaintiff filed his notice in the Recorder's office.

We deem it unnecessary to notice the other points made on the appeal, inasmuch as the main question, which is decided, disposes of the case.

Judgment and order denying new trial reversed, and a new trial granted.