[No. 2,367.]

## HENRY CROWELL *v*. WATTEO LANFRANCO AND VICTOR REGALADO.

POSSESSORY ACT—FORCIBLE DRIVING OFF OF INTENDED SETTLER.— Where a person, with intention to take up a tract of public land under the Possessory Act (Stats. 1852, p. 158), filed his affidavit of location, and within ninety days thereafter hauled lumber upon the ground for a house; and such lumber was removed during the night; and on his attempting to replace it next day he was driven off with threats of violence by a band of armed men : *held*, that he had acquired no rights under the Possessory Act which would enable him to maintain ejectment against those who drove him off.

REQUIREMENTS OF POSSESSORY ACT CONDITIONS PRECEDENT.—The possessory statute (Stats. 1852, p. 158), confers no right, such as will maintain ejectment, upon a settler, until all the acts required by it shall have been performed; and it does not affect the question that he has been prevented by force or otherwise from making his intended improvements.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The facts are stated in the opinion. There having been a judgment for plaintiff and motion for new trial overruled, defendants appealed from the judgment and order.

*A. Brunson* and *C. H. Larrabee*, for Appellants.

*V. E. Howard* and *Y. Sepulveda*, for Respondent.

By the Court, NILES, J.:

Ejectment to recover one hundred and fifty acres of land in the County of Los Angeles. The answer was a general denial. The plaintiff claimed under the Act entitled "An Act prescribing the mode of maintaining and defending possessory actions on public lands in this State," commonly known as the Possessory Act.

He offered in evidence his affidavit of location filed with the County Recorder May 1st, 1869.

He offered further testimony showing that about the 10th or 15th day of July, 1869, he hauled some lumber upon the premises with which he intended to build a house. On the next day he visited the premises and found that the lumber had been removed and placed in the road. He endeavored to replace it upon the land, but was stopped by a number of armed men, among whom was one of the defendants, who forbade his entry and drove him away by threats of violence.

The defendants moved for a nonsuit "for the reason that plaintiff has not shown such a possession of the lands in question, nor such improvements on said lands, nor such a compliance with sections three and four of the Possessory Act as entitled him to recover."

The Court refused the motion, and this ruling is assigned as error.

The second section of the Act declares that "no person shall be entitled to maintain any such action for possession of or injury to any claim unless he or she occupy the same and shall have complied with the provisions of the third and fourth sections of this Act."

Section three provides for the filing and record of the affidavit of the claimant.

Section four provides, that "within ninety days after the date of said record the party recording is hereby required to improve the land thus recorded to the value of two hundred dollars, by putting such improvements thereon as shall partake of the realty, unless such improvements shall have been made prior to the application to record," etc.

The provisions of the statute are plain and positive. It does not undertake to confer any title to the land. It gives to the claimant at most a constructive possession, and a corresponding right to protect it against a naked trespasser. *Dehors* the statute claimant would have no rights in the premises. It prescribes a series of acts, upon a complete

performance of which his possession and right of action accrues. The performance of a single required act gives him no right. The filing of the affidavit is valueless until the other equally essential act—the placing of the required improvements—shall have been performed. When this is done, the right of the claimant will take effect, by relation, from the date of the first act of the series.

The necessity of a strict compliance with the provisions of this statute has been frequently declared by this Court. (*Sweetland* v. *Froe,* 6 Cal. 145; *Wright* v. *Whitesides,* 15 Cal. 47; *Hicks* v. *Whitesides,* 23 Cal. 408.)

It does not affect the question that the plaintiff in this case was prevented from making the improvements by force, whether exercised by the defendants or by others. The Legislature has given to citizens a right unknown to the common law, which it declares shall be available only when the citizen shall have performed certain acts. These acts are conditions precedent to the acquisition of the right. The statute does not provide for the contingency of an unavoidable failure to perform. The Courts cannot provide for it by construction.

The nonsuit should have been granted, because the plaintiff failed to prove that he placed the required improvements upon the land within the time prescribed by the statute.

This view of the case renders the consideration of other points unnecessary.

Judgment reversed and cause remanded for new trial.

By RHODES, J.:

I concur in the opinion and judgment, but do not wish to be understood as thereby asserting or even by implication admitting that the State has competent power in view of the Act of Congress admitting California into the Union as a State to confer any right by means of an Act of the charac-

ter of that mentioned in the opinion of Mr. Justice NILES, in the public lands of the United States, or even to declare that a certain act or series of acts performed by any person shall constitute possession, or be evidence of possession when the same acts would not amount to possession under the laws of the United States.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.